Filed 11/24/20  P. v. Hudson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>THOMAS JEFFERSON HUDSON,<br><br>    Defendant and Appellant. | F078824<br><br>(Super. Ct. No. F18906143)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Glenda S. Allen-Hill, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Detjen, Acting P.J., Franson, J. and Peña, J.

**STATEMENT OF THE CASE**

On September 10, 2018, a complaint was filed, charging Thomas Jefferson Hudson (defendant) with inflicting corporal injury on a spouse or cohabitant (Pen. Code,[1] § 273.5, subd. (a); count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). As to each count, it was alleged defendant personally inflicted great bodily injury under circumstances involving domestic violence. (§ 12022.7, subd. (e).)

On January 3, 2019, prior to the preliminary hearing, defendant was advised of, and waived, his constitutional rights pursuant to *Boykin/Tahl*.[2] The court advised him of the consequences of admitting the charges and allegations, including that, because there was no agreement as to sentence, he faced up to nine years in custody and/or a $10,000 fine; and the offenses would constitute strikes for purposes of future felony sentencing. Counsel stipulated that the crime reports provided a factual basis for each count, and the court ordered that they be made part of the record. Defendant then pled no contest to each count and admitted each great bodily injury enhancement allegation.

Defendant was sentenced on February 4, 2019. As to count 1, the court imposed the three-year middle term for the offense plus a consecutive four-year middle term for the great bodily injury enhancement, for a total term of seven years in prison. As to count 2, the court again imposed the three-year middle term for the offense plus a consecutive four-year middle term for the enhancement, and it ordered sentence on count 2 to be served concurrently with sentence on count 1. The court awarded defendant a total of 173 days of custody credit pursuant to section 2933.1. It reserved restitution to the victim; ordered defendant to pay a $300 restitution fine pursuant to section 1202.4; imposed but stayed an additional restitution fine in the same amount pursuant to section 1202.45; ordered defendant to pay an $80 court security fee pursuant to section 1465.8;

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

and ordered defendant to pay a $60 criminal conviction assessment pursuant to Government Code section 70373. It also issued a three-year criminal protection order pursuant to section 136.2, subdivision (i)(1).

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

## FACTS[3]

As of September 6, 2018, defendant and the victim had been in a romantic relationship for approximately 18 years and were living together. That afternoon, the victim asked defendant if he wanted to go with her to her sister's house. When he declined, she went alone. While the victim was at the sister's house, defendant repeatedly telephoned and texted her and accused her of cheating.

When the victim arrived home that evening, defendant was sitting outside with a neighbor. He was drunk and slurring his words. Defendant and the victim went inside and argued. Defendant then went back outside and the victim went to bed. She was awakened an unknown amount of time later by defendant hitting her on the forehead with a closed fist. He yelled that he knew she was cheating on him. The victim pushed him away when he came toward her.

Defendant left the bedroom and returned with a large kitchen knife. He started poking himself in the chest with the knife and told the victim that she was going to die that night. He began slapping the victim with the broad side of the knife, cutting her on her arm and other places on her body.[4] The victim struggled to get the knife away from defendant; as she did, the handle broke off. The victim was cut on her hands.

---

[3] The facts are derived from the reports that furnished the factual basis for defendant's plea.

[4] The victim described it to police as defendant " 'whipp[ing] her with the knife.' "

Defendant left the bedroom, and the victim called 911. Defendant then returned. This time, he was holding a golf club like a baseball bat. The victim screamed that she did not want to die. Defendant swung and hit the bed without saying a word. The victim grabbed the golf club and refused to let go until defendant dropped it.

Defendant went and got the bottle of cognac from which he had been drinking. He struck the victim all over her body with the bottle, while demanding that she tell him the truth. When she finally managed to wrest the bottle away, defendant went to the closet and pulled out a machete. He began hitting the victim all over her body with the broad side of the blade, cutting her on her legs. When he realized she was bleeding, he backed up and said, " 'I'm in trouble now, I know you['re] going to leave me!' " He then said he was going to get some more to drink, and when he got back, she should " 'get ready to get some more!' "

Shortly after, the police arrived. When defendant opened the front door in response to an officer's knock, he had a machete in one hand. Police found a butcher knife on the bathroom floor and a golf club on the bed. A smaller kitchen knife with blood on it was on the floor next to the bed. Defendant spontaneously admitted " 'slapp[ing]' " the victim in the leg with the machete and threatening to "slap" her with a meat cleaver.[5] He apologized for what he did.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that defendant was advised he

---

[5] The victim told police that defendant hit her multiple times with a meat cleaver he had in the house, but she could not remember when he got it or how he hit her with it.

could file his own brief with this court. By letter dated March 16, 2020, we invited defendant to submit additional briefing.

Defendant replied in a letter and asked to have the judgment vacated and to have us direct his appellate attorney to raise the issue of ineffective assistance of trial counsel. Defendant claims trial counsel forced him to accept the plea bargain by threatening that the district attorney's office would seek a life sentence if the matter went to trial, and by promising the trial court was only going to impose the lower term of four years but instead defendant received the middle term of seven years.

The record does not support defendant's contentions. "A defendant who raises the issue [of ineffective assistance of counsel] on appeal must establish deficient performance based upon the four corners of the record." (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003.) The record on appeal furnishes no cause to vacate the judgment or to have appellate counsel brief the issue.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## **DISPOSITION**

The judgment is affirmed.